## Commonwealth ex rel. Ross *v.* Egan, Warden.

*Criminal law—Consent to trial by eleven jurors—Waiver—Former jeopardy—Felonies—Question not raised on appeal—Habeas corpus.*

1. Though sentence imposed without legal authority may justify a later discharge of a defendant on the ground that the entire proceeding was a nullity, yet the writ of habeas corpus is not to be used as a substitue for an appeal.

2. Where a prisoner indicted for a felony consents to trial by eleven jurors, and is convicted, and on appeal raises no question as to the propriety of his conviction by eleven jurors, he cannot subsequently claim a discharge in habeas corpus proceedings on the ground that his trial and sentence were nullities inasmuch as the verdict was delivered by only eleven jurymen.

3. Even if, in such case, the consent is legally insufficient all that he can claim is a retrial; no question of former jeopardy can be raised.

4. Where a prisoner, indicted for a felony, freely consents to a trial by eleven jurors only, and is convicted, he is bound by his waiver, and cannot afterwards allege that his conviction was a nullity.

5. No consent to trial by eleven jurors or a less number, is legally valid in capital cases.

Petition for habeas corpus. Misc. Docket, No. 367, 1924.

Heard on petition, answer and briefs.

*Edward K. Logan,* for petitioner.

*R. L. Hildebrand,* District Attorney for Lawrence County, and *Geo. W. Muse,* former District Attorney for Lawrence County, for Commonwealth.

PER CURIAM, September 29, 1924:

The defendant, named as John Doe, with several aliases, was found guilty generally on nine counts of an indictment charging various offenses connected with a bank robbery. Sentence was imposed on only the first, second and eighth charges, as to which no technical legal objection had been entered. As pointed out by the Superior Court in disposing of the appeal which followed the above judgment (Com. v. Doe, 79 Pa. Superior Ct. 162), no sentence was directed except on the counts which admittedly averred violations of law in a proper manner.

The review of the conviction, following refusals by the court below either to grant a new trial or arrest judgment, was had in 1921, and all of the numerous exceptions then presented by defendant were overruled in an

COMMONWEALTH ex rel. ROSS *v.* EGAN, Warden.  253

1924.]                    Opinion of the Court.

opinion filed by the Superior Court on July 26, 1922. Nearly one year and a half later a petition was presented to the trial court asking that the record be altered so as to show that, after the empanelling of the jury, one of the number selected and sworn was excused on account of the illness of his wife and the trial proceeded with eleven, the district attorney and counsel for defendant both consenting. On March 3, 1924, the amendment prayed for was allowed.

No objection on the ground now taken was made at the trial, nor was the alleged irregularity the subject of exception in the Superior Court; it is raised for the first time by this petition for a writ of habeas corpus, wherein defendant asks for a discharge on the ground that his trial and sentence are nullities because the verdict rendered by the jury was delivered by only eleven members. The counts on which sentence was imposed charge a felony, and it is insisted that under such circumstances a full panel of twelve must act, to justify the passing of sentence, notwithstanding the formal consent of the defendant appearing of record to a trial by a less number.

It would be sufficient, for the purpose of disposing of the instant application, to call attention to the fact that the irregularity now complained of was not presented in the orderly manner provided by law, and was not even made the subject of argument when the case was heard in the Superior Court. Though sentences imposed without legal authority may justify a later discharge of a defendant on the ground that the entire proceeding was a nullity, yet the writ of habeas corpus is not to be used as a substitute for an appeal, and it has been held to be too late, after the affirmance of a sentence, to object that the trial was wrongfully conducted: Com. ex rel. v. Reifsteck, 271 Pa. 441.; Halderman's Petition, 276 Pa. 1. The regularity of proceedings is not to be attacked in this way: Com. v. Francies, 53 Pa. Superior Ct. 278, 287. It is only where the judgment is void that relief may be thus granted.

254 COMMONWEALTH ex rel. ROSS *v.* EGAN, Warden.

Opinion of the Court. [281 Pa.

Further, were we to hold that the consent to trial by eleven jurors was legally insufficient, discharge of the prisoner would not follow, a retrial only would be ordered; it has been said, in capital cases, that even consent to the separation of a jury is merely an irregularity, calling for a new trial: Peiffer v. Com., 15 Pa. 468. Certainly, the question of former jeopardy is not to be raised in a proceeding such as now before us: Com. ex rel. v. Richards, 274 Pa. 467.

Though the present record renders unnecessary discussion of the effect of defendant's consent to trial by a jury of less than twelve, where charged with the commission of a felony, yet it may not be without profit to refer briefly to the decisions in which this matter has been the subject of consideration. Rulings on the point in the various states are irreconcilable, and the widest divergence of thought and reasoning is found justifying the decisions reached in particular cases (35 C. J. 198), but it is quite generally held that, with the consent of defendant, civil trials may be decided by a jury of less than twelve, and, likewise, a jury of less than that number may be permitted in the trial of criminal cases with consent, where a new tribunal has been established (Lavery v. Com., 101 Pa. 560), and perhaps in other instances. It seems to be clearly determined in all states that no consent to trial by eleven, or a less number, will be legally valid in capital cases (16 R. C. L. 217), but in misdemeanors, by the weight of authority, that course is permissible: Com. v. Beard, 48 Pa. Superior Ct. 319; Com. v. Hawman, 48 Pa. Superior Ct. 343; Com. v. Sweet, 4 Pa. Dist. R. 136.

When, however, we deal with a felony less than capital, as already noted, a striking conflict of authority is observed. That a waiver in such case is effective has been held in Arkansas, Connecticut, Iowa, Kentucky, Louisiana, Nevada, New Jersey, Massachusetts, Michigan, Missouri and Minnesota. On the other hand, eminent authorities in other jurisdictions have held the contrary. In

COMMONWEALTH ex rel. ROSS *v.* EGAN, Warden. 255

1924.]                    Opinion of the Court.

Pennsylvania, only three cases are to be found in which the matter has been considered, and none of them was passed upon by an appellate tribunal. In Com. v. Byers, 5 Pa. C. C. R. 295, and Com. v. Shaw, 1 Pitts. L. J. 492, waivers were held invalid, and these cases are frequently cited by the courts of other states as fixing the Pennsylvania rule. The reverse was decided by Judge ENDLICH in Com. v. Fritch, 9 Pa. C. C. R. 164, the jurist who subsequently wrote the opinion adopted by the Superior Court in Com. v. Beard, supra, though the latter case dealt with a misdemeanor.

Clark, in his work on Criminal Procedure, p. 435, well points out that there is no real reason for distinguishing between felonies and misdemeanors in so far as a waiver is concerned. A defendant is supposed to understand his rights, and may be aided, if he so desires, by counsel to advise him. There are many legal provisions for his security and benefit which he may dispense with absolutely, as, for instance, his right to plead guilty and submit to sentence without any trial whatsoever. As was said by Chief Justice SHAW in Com. v. Dailey, 12 Cush. 80 (a misdemeanor charge, but frequently cited on both sides of the controversy) : "In many points in the conduct of a trial, parties and their counsel, we think, may be safely allowed to judge as to what they will insist on and what they will waive. Having so done, and taken their chance for a verdict, it would be inconsistent with ordinary good faith and fair dealing to turn around and insist on legal exceptions, which they had pledged themselves to the court that they would not take......So, if a party has ground of exception to a juror, and knows it when the jury is impanelled, by not taking the objection, he waives it......Any agreement deliberately made, any plain assent express or implied ......upon the trial, cannot be revoked......Under the circumstances of the case, the court are of opinion that, on the trial of a conspiracy, supposing it an irregularity to take the verdict of eleven jurors [even] with the con-

256 COMMONWEALTH ex rel. ROSS *v.* EGAN, Warden.

Opinion of the Court.                    [281 Pa.
sent of both parties, yet as it did not affect the jurisdiction of the court, the exception was one that the accused might waive; that having stipulated of record, that he would take no exception to such irregularity, he is now precluded from taking it, and therefore that the verdict must stand."

The United States Supreme Court, in Mullan v. United States, 212 U. S. 516, quoting from Schick v. United States, 195 U. S. 65, said: "Article VI of the amendments, as we have seen, gives the accused a right to a trial by jury; but the same article gives him the further right 'to be confronted with the witnesses against him ......and to have the assistance of counsel.' Is it possible that an accused cannot admit, and be bound by the admission, that a witness not present would testify to certain facts? Can it be that, if he does not wish the assistance of counsel, and waives it, the trial is invalid? It seems only necessary to ask these questions to answer them. When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy." We state the latter citation in view of the broad language used in Thompson v. Utah, 170 U. S. 343.

The theory upon which the opposing cases are decided seems to rest on the proposition that society at large is as much interested in an impartial trial of a defendant, who may be sentenced to imprisonment, as he himself is, and therefore no permission to waive any right, when charged with a felony, should be accorded to him. There may be reason for applying this rule to capital cases, as has been done in Pennsylvania, but such a principle ought not to be invoked to relieve those charged with lesser offenses, such as larceny (though technically denominated a felony), from the consequences of their own voluntary act, and where it appears by the record that consent to the course pursued was freely given, the defendant should not be heard thereafter to complain: 16 C. J. 255; 16 R. C. L. 217. The

COMMONWEALTH ex rel. ROSS *v.* EGAN, Warden. 257

1924.]                    Opinion of the Court.

exact proposition now before us has not been the subject of discussion by this court; it was raised in Doebler v. Com., 3 S. & R. 237, where, however, the decision reached was expressly based on the fact that the record failed to show that the twelfth and substituted juror was sworn. The solution of the question depends upon the determination whether a trial by less than twelve is an irregularity or a nullity. If the latter be held, no sentence imposed may be sustained, but the contrary is true if the former and correct conclusion be reached. In the case of misdemeanors, the Superior Court has sustained the sentences where a voluntary waiver appeared: Com. v. Beard, supra. No real justification for a different decision in the case of felonies, not capital, can be supported.

The other reasons for defendant's discharge are so lacking in merit they call for no discussion. Finally, we repeat that the question here discussed should have been raised in the appeal to the Superior Court, and it is too late now to complain on that score by writ of habeas corpus; but, even if the question was properly suggested, the ultimate determination would be adverse to the petitioner, and his discharge refused.

The rule to show cause is accordingly dismissed at the relator's costs.