## Commonwealth ex rel. Aikens v. Ashe, Warden.

PER CURIAM, November 15, 1939:

Petition for writ of habeas corpus.

The relator was tried in the Court of Oyer and Terminer of Cambria County on an indictment charging murder. The jury found him guilty of murder in the first degree, and fixed the penalty at imprisonment for life. The trial began on September 13, 1926 and was concluded the next day. The defendant relator, throughout the trial, was represented by counsel, who on September 16, 1926, filed a motion for a new trial. On October 11, 1926, defendant's counsel advised the court that they would not press the motion for a new trial, and, after due consideration, the court overruled the motion, and on October 18, 1926 sentenced the defendant, pursuant to the verdict of the jury, to imprisonment by separate or solitary confinement in the Western Penitentiary for the period of his natural life. He was accordingly committed and is at present confined in said penitentiary under said sentence.

In his petition for writ of habeas corpus the relator contends that the evidence on the trial did not justify a conviction of murder in the first degree, and warranted conviction of nothing higher than murder in the second degree.

The writ of habeas corpus cannot be used as a substitute for an appeal: *Com. ex rel. Sullivan v. Ashe,* 325 Pa. 305, 310, 188 A. 841; *Com. ex rel. Ross v. Egan,* 281 Pa. 251, 253, 126 A. 488; *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 446, 115 A. 130; *Com. ex rel. Contardi v. Smith,* 134 Pa. Superior Ct. 31, 3 A. 2d 1005. Alleged errors of the court on the trial of the

case in the admission or rejection of evidence, or in the submission of the case to the jury, must be raised by appeal: *Com. v. Curry,* 285 Pa. 289, 132 A. 370; *Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Com. ex rel. Lewis v. Ashe,* 335 Pa. 575, 7 A. 2d 296. It is not the province of a judge, or court, in habeas corpus proceedings, to retry the case, as a judge sitting without a jury, on the evidence made a part of the *record on appeal* by the Act of April 18, 1919, P. L. 72. See *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810.

Had relator appealed, his appeal would not have been to this court, but to the Supreme Court: Act of June 24, 1895, P. L. 212, sec. 7(b), 17 PS sec. 183; and by the Act of February 15, 1870, P. L. 15, 19 PS sec. 1187, it would then have been the duty of that court to review the Commonwealth's evidence and determine whether the ingredients necessary to constitute murder in the first degree had been proved to exist: *Com. v. Karmendi,* 328 Pa. 321, 195 A. 62; *Com. v. Senauskas,* 326 Pa. 69, 191 A. 167; *Com. v. Garramone,* 307 Pa. 507, 161 A. 733; *Com. v. Tauza,* 300 Pa. 375, 384, 150 A. 649.

This court cannot, in a habeas corpus proceeding, assume the duty or obligation specifically imposed by statute on the Supreme Court in cases of appeals.

The rule is discharged and the petition denied.