## Commonwealth ex rel. Contardi *v.* Smith, Warden.

Commonwealth ex rel. McGlinn v. Smith, Warden, 344 Pa. 41, held controlling.

OPINION BY MR. JUSTICE MAXEY, January 20, 1942:

The petition for a writ of habeas corpus in this case sets forth that the petitioner, an inmate of the Eastern penitentiary, was tried on June 29, 1925, on one indictment for the following offences: (a) assault and battery. (b) aggravated assault and battery. (c) assault and battery with intent to ravish. (d) rape; and on another indictment for the unlawful possession of drugs. While admitting that counsel was assigned him, he claims that he was immediately forced to stand trial on both said Bills of Indictment simultaneously, "before a boxed-jury, and without benefit of challenge for favor or cause". He sets forth further that the jury rendered a verdict of guilty, whereupon the court sentenced him on the first indictment to a term of not less than seven and

one half years nor more than fifteen years in the Eastern Penitentiary and on the second indictment to a term of three years in the Holmesburg County Prison. The relator alleges that there was not sufficient evidence to convict him of rape and that he had "an unfair trial".

The Commonwealth in its answer sets forth that the relator was paroled on December 29, 1932, from the sentence which he was serving on the charge of rape and that he was then transferred to the Philadelphia County Prison to serve his sentence on the charge of unlawful possession of drugs but he was paroled therefrom on January 6, 1933. It is further set forth that during the parole period he was convicted on September 19, 1933, in Camden County, New Jersey, of the charge of larceny and sentenced to imprisonment of not less than two years and ten months nor more than three years in the State Prison at Trenton, N. J. from which prison he was released on December 7, 1935, and returned on December 12, 1935, to the Eastern Penitentiary of Pennsylvania. On January 2, 1936, the parole theretofore granted was revoked by the Parole Board and he was later required to serve another period equalling the remainder of the maximum sentence not served when the parole was granted, to wit, seven and one-half years. The answer further sets forth that the relator instituted habeas corpus proceedings in the United States District Court for the Eastern District of Pennsylvania on December 17, 1936, and after hearing the writ was dismissed on December 21, 1936, and the relator remanded. On April 27, 1937, the relator filed a petition for a writ of habeas corpus in the Superior Court of Pennsylvania. This petition was dismissed on May 14, 1937. On May 28, 1937, another petition was filed in the same court to which answer was made on June 3, 1937, and the petition dismissed on June 26, 1937. On December 2, 1938, a petition for a writ of habeas corpus was filed in the Court of Quarter Sessions of Philadelphia County. The writ was refused on December 14, 1938. Another petition for a

writ of habeas corpus was filed in the Superior Court of Pennsylvania on December 29, 1938, and on January 31, 1939, the petition was dismissed. In all of these petitions the relator complained about the inadequacy of the evidence to sustain his conviction on the charge of rape.

It is clear that all the matters complained of by the relator are matters which may properly be considered on an appeal but which cannot be disposed of in proceedings for a writ of habeas corpus. What we have said in an opinion this day filed in the case of *Commonwealth ex rel. McGlinn v. Smith, Warden,* 344 Pa. 41, about the writ of habeas corpus not serving as a substitute for an appeal is applicable to this case also. Our decision in that case rules this case.

The writ is refused.