## Commonwealth ex rel. Madden, Appellant, *v.* Ashe, Warden.

Submitted November 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*James Madden,* in propria persona.

*Franklin E. Barr,* First Assistant District Attorney, *John H. Maurer,* District Attorney, *Artemas C. Leslie,* District Attorney, and *Louis L. Kaufman,* for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

Relator seeks a review of the action of the Court of Common Pleas of Allegheny County in dismissing relator's petition for writ of habeas corpus. Relator had pleaded guilty in the Court of Oyer & Terminer and Court of Quarter Sessions of Philadelphia County to eleven bills of indictment (Nos. 1083 to 1094, June Sessions, 1938), and was sentenced by that court upon seven of them (Nos. 1083 to 1089) to consecutive terms of imprisonment in the Eastern State Penitentiary which aggregated not less than twenty-five years nor more than fifty years from June 28, 1938.[1] Subsequently, he was duly transferred to the Western State Penitentiary where he is now in custody.[2] While relator concedes that he is not entitled to immediate discharge, he complains that the sentences were unlawful. See *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 292, 199 A. 185.

The court below dismissed the petition for the reason that the writ of habeas corpus can never be made use of to perform the function of a writ of error or an

___

[1] See Act of June 25, 1937, P. L. 2093, No. 420, § 1, 19 PS § 897.

[2] See *Com. v. Montgomery (Com. ex rel. Montgomery v. Ashe),* 152 Pa. Superior Ct. 342, 31 A. 2d 913; *Miller v. Erie County Court of Common Pleas,* 356 Pa. 396, 52 A. 2d 223.

appeal, citing *Com. ex rel. Ross v. Egan,* 281 Pa. 251, 126 A. 488; *Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Com. v. Seechrist,* 27 Pa. Superior Ct. 423. The rule supported by these authorities (see, also, *Com. ex rel. Penland v. Ashe,* 341 Pa. 337, 19 A. 2d 464; *Com. ex rel. Aikens v. Ashe,* 137 Pa. Superior Ct. 392, 9 A. 2d 201), is directed at petitions which seek to raise the question of errors or irregularities which may have occurred in the course of trial and prior to the imposition of sentence, and which are not basic or fundamental (*Com. ex rel. Schultz v. Smith,* 139 Pa. Superior Ct. 357, 11 A. 2d 656). Our courts have said that the writ of habeas corpus should be allowed only when the court or judge is satisfied that the "party hath probable cause to be delivered." *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 410, 35 A. 2d 340. But where the legality of the sentence is questioned habeas corpus is available as a proper procedure for correcting the error. *Halderman's Petition,* supra, 276 Pa. 1, 2, 119 A. 735; *Com. ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A. 2d 190; *Com. ex rel. Guiramez v. Ashe,* 293 Pa. 18, 141 A. 723; *Com. ex rel. Pyeatte v. Burke,* 158 Pa. Superior Ct. 336, 44 A. 2d 856. Relator's petition alleges illegal duplication of sentences. See *Com. ex rel. Schultz v. Smith,* supra, 139 Pa. Superior Ct. 357, 367, 11 A. 2d 656.

The indictments upon which relator was sentenced are as follows:

No. 1083. (a) Felonious entry, June 4, 1938, into the Potts Iron Works, with intent to steal. (b) Larceny of $231, property of the Potts Iron Works. (c) Receiving stolen goods. Sentence: Five to ten years in the Eastern State Penitentiary, commencing June 28, 1938.

No. 1084. (a) Felonious entry, June 10, 1938, into the factory of Gar Wood Industries, Inc., with intent to steal. (b) Larceny of $100, property of Gar Wood Industries, Inc. (c) Receiving stolen goods. Sentence: Five to ten years in the Eastern State Penitentiary to begin to be served at expiration of sentence on bill No. 1083.

No. 1085. Felonious entry, June 10, 1938, into factory of Gar Wood Industries, Inc., with intent to commit a felony, i. e., larceny, by use of explosives. Sentence: Five to ten years in the Eastern State Penitentiary to begin to be served at expiration of sentence on bill No. 1084.

No. 1086. Felonious entry, June 4, 1938, into Potts Iron Works, with intent to commit a felony, i. e., larceny, by use of explosives. Sentence: Five to ten years in the Eastern State Penitentiary to begin to be served at expiration of sentence on bill No. 1085.

No. 1087. Possession of burglar tools, June 10, 1938. Sentence: One to two years in the Eastern State Penitentiary to begin to be served at expiration of sentence on bill No. 1089.

No. 1088. Unlawfully possessing or carrying explosives, June 4, 1938. Sentence: Two to four years in Eastern State Penitentiary to begin to be served at expiration of sentence on bill No. 1086.

No. 1089. Unlawfully possessing or carrying explosives, June 10, 1938. Sentence: Two to four years in the Eastern State Penitentiary to begin to be served at expiration of sentence on bill No. 1088.

The applicable rule, in reviewing the above sentences to determine whether any of them involves a duplication of punishment for the same offense, has been stated by our Supreme Court in *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 105, 21 A. 2d 920, 921, as follows: "The true test of whether one criminal offense has merged in another . . . is whether one crime necessarily involves another . . . When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for both."

We may eliminate from consideration the sentence on bill No. 1087, the validity of which is not questioned. The remaining six bills of indictment fall into two groups, the first charging offenses committed on June 4, 1938

(bills Nos. 1083, 1086, and 1088), and the second charging a series of similar offenses committed on June 10, 1938 (bills Nos. 1084, 1085, and 1089).

None of the offenses charged in the first group merges with any offense charged in the second group. Relator's contention that bills Nos. 1088 and 1089 relate to a single offense, the continuous unlawful possession of explosives extending from June 4, 1938, to June 10, 1938, has no merit. The Act of April 25, 1929, P. L. 778, § 1, 18 PS § 4417 (note), under which the indictments were drawn, shows that the Act was directed against one who "possesses or carries any explosive substance" with unlawful intent. From the record, as presented to us, it is apparent that relator carried or transported explosives with illegal intent on two separate occasions, June 4 and June 10, 1938; and he was properly sentenced for each separate offense to which he had pleaded guilty. See *Com. ex rel. Jenkins v. Ashe*, 341 Pa. 334, 336, 19 A. 2d 472.

Relator further contends that there is duplication of sentence between some of the offenses charged within each of the two groups.

There is no merger of offenses, and therefore no duplication of sentence, as to unlawful possession or carrying of explosives (bills Nos. 1088 and 1089) and felonious entry with intent to commit a felony by use of explosives (bills Nos. 1085 and 1086). The unlawful carrying of explosives is not necessarily a constituent part of the offense of felonious entry with intent to commit felony by the use of explosives. The Act makes the transportation with unlawful intent a crime. There is nothing in the record which requires a finding that they were not separate and distinct offenses.

But we are of the opinion that felonious entry with intent to commit larceny (a felony), charged in the first count of bills Nos. 1083 and 1084 under the Act of March 13, 1901, P. L. 49, § 1, 18 PS § 4901 (note), constituted a constituent part of the offense of felonious

entry with intent to commit a felony (larency) by use of explosives, charged in bills Nos. 1085 and 1086 under the Act of April 22, 1905, P. L. 279, § 1, 18 PS § 4902 (note). The first offense consists of two principal elements: (1) Entry; and (2) intent to commit a felony, to wit, larceny. The latter offense consists of the same two elements: (1) Entry; and (2) intent to commit a felony, to wit, larceny; to which a third element is added, (3) by the use of explosives. In the situation, as it exists in this case, where there was a single felonious entry into each building, it is obvious that the latter crime could not be proved without, at the same time, proving the elements of the first mentioned crime. The intended felony—larceny—is described in the same language in bills Nos. 1083, 1084, 1085, and 1086. It follows that the two offenses merge, and only a single sentence may legally be imposed. *Com. ex rel. Russo v. Ashe,* 293 Pa. 322, 324, 142 A. 317. We think it is clear that relator, having been properly sentenced on bill No. 1085 for the major felony—felonious entry on June 10, 1938, into the factory of Gar Wood Industries, Inc., with intent to commit a felony (larceny) by the use of explosives—could not legally be sentenced again on bill No. 1084 for the constituent offense of felonious entry with intent to commit a felony (larceny) at the same time and into the same place. Likewise, having been properly sentenced on bill No. 1086 for felonious entry on June 4, 1938, into Potts Iron Works with intent to commit a felony (larceny) by the use of explosives, he could not legally be sentenced again on bill No. 1083 for the constituent offense of felonious entry with intent to commit a felony (larceny) at the same time and into the same place.

The sentences imposed on bills Nos. 1083 and 1084 were imposed generally without specific reference to any of the three counts contained in each bill. These sentences, although not supported by the first count of each bill, may nevertheless be sustained to the extent that

relator could legally be sentenced upon the remaining two counts for larceny and receiving stolen goods. The offense of receiving stolen goods, being here a constituent part of the offense of larceny, merged therewith. The offense of larceny, however, did not merge with the offense of felonious entry with intent to commit larceny, charged in the first count. *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 106, 21 A. 2d 920. A separate sentence on each bill is therefore proper for the offense of larceny. The maximum sentence which could have been imposed upon bills Nos. 1083 and 1084 was punishment by imprisonment, by separate and solitary confinement, not exceeding three years. See Act of March 31, 1860, P. L. 382, § 103, 18 PS § 4807 (note).

And now, January 8, 1948, all of the matters complained of appearing of record, it is adjudged that the sentence heretofore imposed upon relator by the Court of Quarter Sessions of Philadelphia County as of No. 1083, June Sessions, 1938, be amended as of the date of imposition by changing the maximum term from ten to three years and the minimum from five to one and one-half years; and that the sentence heretofore imposed upon relator by said court as of No. 1084, June Sessions, 1938, be amended as of the date of imposition by changing the maximum term from ten to three years and the minimum from five to one and one-half years. Respondent may treat the commitments under which he holds relator as though they had been amended accordingly.