Commonwealth ex rel. Marelia *v.* Burke, Warden.

Argued April 21, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

rehearing denied December 19, 1950.

*John B. Burns,* with him *John J. Speese,* for relator.

*James W. Tracey, Jr.,* First Assistant District Attorney, with him *John H. Maurer,* District Attorney, for Commonwealth.

OPINION BY MR. JUSTICE BELL, September 25, 1950:

Relator filed in this Court a petition for a writ of habeas corpus. A rule to show cause was granted and counsel was appointed to represent the relator. Answers were filed to the petition by the District Attorney and the Warden; relator's counsel filed a supplemental petition, to which the District Attorney filed an answer; and the case was ordered for oral argument before this Court, briefs being filed by counsel for the relator and by the District Attorney.

Petitioner was tried and found guilty on March 22, 1946, on a Bill of Indictment No. 568 charging attempted burglary and on a Bill of Indictment No. 569 charging possession of burglary tools. He was out on parole at the time of commission of said crimes. Since 1917 he had been convicted eight times on charges of burglary or felonious entry or larceny and he had been sentenced to a total of 20 years minimum and 44 years maximum. Probably because of this record the trial judge imposed a sentence of 5 to 10 years on Indictment No. 568, subsequently reduced to 3½ to 7 years; but imposed no sentence on Bill No. 569. Petitioner violated his parole and is now serving "back time"; and upon expiration thereof must commence his present sentence of 3½ to 7 years.

126

The petitioner alleges (1) numerous trial errors; (2) the insufficiency of the evidence to sustain a verdict of guilty on the charge of attempted burglary; and (3) he was held incommunicado for 112 hours in violation of the 14th Amendment of the Constitution of the United States and of Article I, Section 9, of the Constitution of Pennsylvania.

The extraordinary remedy of habeas corpus which can be successfully invoked only in exceptional cases, is not a substitute for a motion for new trial or for an appeal or for a writ of error: *Commonwealth ex rel. Smith v. Ashe,* 364 Pa. 93, 71 A. 2d 107; *Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799; *Commonwealth ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 281; *Commonwealth ex rel. McGlinn v. Smith,* 344 Pa. 41, 24 A. 2d 1; *Commonwealth ex rel. Penland v. Ashe,* 341 Pa. 337, 19 A. 2d 464; *Commonwealth ex rel. v. Keeper of County Prison,* 295 Pa. 252, 145 A. 130; *Halderman's Petition,* 276 Pa. 1, 119 A. 735; and we strongly deprecate the present practice to use it as such.

It is well settled that a relator cannot obtain relief *by habeas corpus* for errors alleged to have occurred in the course of his trial: *Commonwealth ex rel. Lewis v. Ashe,* 335 Pa. 575, 7 A. 2d 296, certiorari denied Lewis v. Ashe, 308 U.S. 596; *Commonwealth ex rel. Townsend v. Burke,* 361 Pa. 35, 41; 63 A. 2d 77; *Commonwealth v. Curry,* 285 Pa. 289, 132 A. 370; *Commonwealth ex rel. Ross v. Egan,* 281 Pa. 251, 126 A. 488; *Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Commonwealth ex rel. Burton v. Baldi,* 147 Pa. Superior Ct. 193, 202, 24 A. 2d 76; *Commonwealth ex rel. Aikens v. Ashe,* 137 Pa. Superior Ct. 392, 394, 9 A. 2d 201.

While there is general language and some dicta in Pennsylvania and in other jurisdictions to support a contrary view, the great weight of authority holds that the question of the sufficiency or insufficiency of the

evidence to sustain a conviction cannot be raised by habeas corpus: *Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Commonwealth ex rel. Contardi v. Smith,* 344 Pa. 61, 63, 24 A. 2d 10, certiorari denied Contardi v. Smith, 316 U.S. 678, rehearing denied 316 U.S. 711; *Commonwealth ex rel. Burton v. Baldi,* 147 Pa. Superior Ct. 193, 24 A. 2d 76; *Knewel v. Egan,* 268 U.S. 442, 445, 446; *Harlan v. McGourin,* 218 U.S. 442; *Sunal v. Large,* 332 U.S. 174, 179; 25 Am. Jur., Habeas Corpus, Sec. 53; 39 C.J.S., Habeas Corpus, Sec. 29j.

Relator's third contention is that he was held incommunicado for 112 hours in violation of the 14th Amendment of the Constitution of the United States and of Article I, Section 9, of the Constitution of Pennsylvania. He alleges he was so held by detectives before commitment to the County Prison to await trial and that this detention amounted to a violation of his constitutional rights. In the first place his allegations are not supported by the record. He alleges no facts in support thereof such as that he asked to see friends or relatives or counsel and was refused; as a matter of fact when first arrested he refused to divulge his home address. He was given a preliminary hearing before a magistrate on the charge of possession of burglary tools within 38 hours after his arrest. After discovery by the authorities that he had committed another crime of attempted burglary, he was given another preliminary hearing before a magistrate within 48 hours of the first hearing. No confession was obtained from him and he was represented by counsel at the trial of the case. These facts do not constitute a violation of his constitutional rights: *Commonwealth v. Agoston,* 364 Pa. 464, 72 A. 2d 575, certiorari denied U. S. Sup. Ct., Oct. 9, 1950; *Commonwealth v. Shupp,* 365 Pa. 439, 75 A. 2d 587; *Lyons v. Oklahoma,* 322 U.S. 596; *Lisenba v. California,* 314 U.S. 219; *Townsend v. Burke,* 334 U.S. 736, 737-38; *Hampson v. Smith, Supt. of State*

128

*Penitentiary*, C.C.A. 9, 153 F. 2d 417, certiorari denied 328 U.S. 850; *United States v. Commonwealth of Pennsylvania*, 81 F. Supp. 861, aff'd. 174 F. 2d 480.

Petition for writ of habeas corpus dismissed.