Commonwealth ex rel. Gobert, Appellant, *v.* Myers.

Submitted October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Samuel Gobert,* appellant, in propria persona.

*Victor H. Blanc,* District Attorney, *James N. Lafferty,* Deputy District Attorney, and *Christopher F. Edley,* Assistant District Attorney, for appellee.

OPINION PER CURIAM, November 13, 1956:

Relator was tried on April 19, 1955, in the Court of Quarter Sessions of Philadelphia County on four bills of indictment charging carrying a concealed weapon, burglary, conspiracy, and armed robbery. He was represented by counsel at his trial before Judge CARROLL and a jury and was found guilty on all charges. He was sentenced on bill 2212 for armed robbery, to imprisonment in the Eastern State Penitentiary for a term of not less than 10 years nor more than 20 years. The evidence was that this relator with a companion entered a bank in Philadelphia, drew a gun and announced that a holdup was in progress. He was apprehended by a police officer who entered the bank shortly thereafter. Appellant neither sought a new trial nor took an appeal from his conviction and the judgment of sentence. Instead he filed a petition in the present proceeding for habeas corpus. The writ was awarded but after hearing in open court at which the relator testified in his own behalf Judge WATERS dismissed his petition and remanded him to custody.

There is no merit in any of appellant's contentions. He was charged with armed robbery, and it is unimportant, especially since he didn't seek a new trial or take an appeal, that the evidence may have proved an attempt to commit the offense and no more. The maximum sentence for armed robbery is twenty years. Section 705 of the Act of June 24, 1939, P. L. 872, 18 PS §4705. The penalty for attempt is the same as for the completed offense, under §1107 of the Act, 18 PS §5107. In any view therefore he has not been prejudiced. So also appellant cannot question the sufficiency of the evidence or the adequacy of the court's charge in this proceeding. Habeas corpus cannot be used as a substitute for appeal. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593.

Order affirmed.