## Commonwealth ex rel. Smith v. Maroney

*Orlando Prosperi,* for relator.

*Richard E. McCormick,* District Attorney, and *John K. Best,* Assistant District Attorney, for respondent.

O'CONNELL, P. J., March 24, 1960.—This matter comes before the court on a petition for a writ of habeas corpus to obtain petitioner's release from the State Correctional Institution at Pittsburgh.

It appears from the court records that petitioner was arrested and charged with burglary of a motor vehicle and conspiracy to do an unlawful act. He was indicted by the grand jury on two indictments, one at 154a, April term, 1957, wherein he was charged in the first count with burglary of a motor vehicle. In the second indictment, at no. 154b, April term, 1957, petitioner·was charged with conspiracy to do an unlawful act. The case came on for trial on February 19, 1958; the trial of the case consuming two days. The jury found petitioner guilty on all counts and on February 21, 1958, petitioner was sentenced at no. 154a, April term, 1957, to serve two to four years in the State Correctional Institution at Pittsburgh and at no. 154b, April term, 1957, petitioner was sentenced to serve one to two years in the State Correctional Institution at Pittsburgh with the second sentence to run concurrently with the previous sentence. Petitioner is now serving the foregoing sentences in the State Correctional Institution at Pittsburgh.

As grounds for his release, petitioner alleges that his sentence and imprisonment are illegal and unlawful in that he was deprived of due process of law in violation of the fourteenth amendment of the United States Constitution. In support of this charge he claims that at the trial the court "forsook its duty and responsibility and stripped petitioner of his defense in his trial by jury by failure to define the defense of alibi and failure to instruct the jury on alibi defense and failure to instruct the jury in regard to the degree of persuasion required in an alibi defense."

As stated previously, the trial of petitioner consumed two days. He was represented by Orlando Prosperi, Esq., an able, experienced and willing attorney at law. A careful examination of the record, together with the court's recollection of the trial, shows that petitioner was afforded a fair trial and that none

of his rights under the Constitution of the United States were violated. He is now seeking his release on alleged grounds where the record itself fails to support in the slightest degree his charges. The remedy of habeas corpus can never be used as a substitute for an appeal, a writ of error, or a motion for a new trial. See Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124.

In the case of Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, Mr. Justice Bell, in discussing a court's right to dismiss or deny a petition for a writ of habeas corpus without a hearing, stated in his opinion as follows:

"Where the petition for application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator the relief afforded by habeas corpus, a hearing is not necessary."

In the present case, it is the opinion of the court that the petition, together with the record, fails to clearly make out a case entitling this petitioner to a hearing on his petition. Petitioner claims that he raised a defense of alibi during the trial and that his "alibi" was verified by two witnesses; namely, Randall King, Jr., and Louise Perry. A careful reading of the testimony failed to show that the question of an alibi was raised as a defense. The two witnesses, whom petitioner says verified his "alibi," did not do so. Neither of them knew where petitioner was at the time of the commission of the crimes.

In support of petitioner's claim that he is entitled to a hearing on the petition, petitioner cites the case of Pennsylvania ex rel. Herman v. Claudy, 350 U. S. 116. That case sets forth the following as the law in this type of case as established by the United States Supreme Court:

"(1) A conviction following trial or on a plea of guilty based on a confession extorted by violence or

588

by mental coercion is invalid under the Federal Due Process Clause; (2) where a person convicted in a state court has not intelligently and understandingly waived the benefit of counsel and where the circumstances show that his rights could not have been fairly protected without counsel, the Due Process Clause invalidates his conviction; (3) where a denial of these constitutional protections is alleged in an appropriate proceeding by factual allegations not patently frivolous or false on a consideration of the whole record, the proceeding should not be summarily dismissed merely because a state prosecuting officer files an answer denying some or all of the allegation."

Considering the allegations of petitioner for habeas corpus, the prosecuting officer's answer and the record, it is obvious that the law as set forth in the Claudy case is not here applicable.

We, therefore, enter the following

*Decree*

And now, to wit, March 24, 1960, the petition for writ of habeas corpus be, and the same hereby is, denied without hearing.