J-S28024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL TORRES | : | |
| | : | |
| Appellant | : | No. 1317 MDA 2019 |

Appeal from the Order Entered July 9, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000500-1993

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 15, 2020**

Appellant, Samuel Torres, appeals from the order entered on July 9, 2019, which granted in part and denied in part his "Motion to Bar the Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus.*"  We vacate the portion of the lower court's order that granted Appellant relief in this case and remand.

On December 31, 1992, Appellant committed rape and indecent assault.[1]  On May 3, 1993, Appellant pleaded guilty to the crimes and, on June 21, 1993, the trial court sentenced Appellant to serve an aggregate term of four to eight years in prison for his convictions.  *See* N.T. Sentencing, 6/21/93, at 3.  We affirmed Appellant's judgment of sentence on July 22, 1994 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1) and 3126(1), respectively.

appeal on December 30, 1994. **_Commonwealth v. Torres_**, ___ A.2d ___, 766 HBG 1993, _appeal denied_, ___ A.2d ___, 425 M.D. Alloc. Dck. 1994 (Pa. 1994).

Appellant was released from prison in December 2000 and, in accordance with Megan's Law II,[2] Appellant began registering as a sexual offender on December 26, 2000. N.T. Hearing, 5/3/18, at 5 and 7.

On April 13, 2018, Appellant filed, at his criminal docket number, a "Motion to Bar the Applicability of Sex Offender Registration and/or Petition for Writ of _Habeas Corpus_" (hereinafter "Appellant's Petition" or "the Petition"). Within the Petition, Appellant averred that he is currently registering as a sex offender, pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.75. However, Appellant claimed that he should not be forced to register as a sex offender because, under the plain language of the statute, SORNA does not apply to him. **_See_** Appellant's Petition, 4/13/18, at 1-2. Appellant requested that the lower court "find [SORNA's] registration [requirement] inapplicable to [Appellant] or issue a writ of _habeas corpus_ barring application of any sexual offender registration requirements." Appellant's Petition, 4/13/18, at 2 (some capitalization omitted).

On May 3, 2018, the lower court held a hearing on Appellant's motion and on May 22, 2018, Appellant filed a post-hearing brief. Within the brief,

---

[2] 42 Pa.C.S.A. §§ 9791-9799.7 (expired).

Appellant put forth a claim that was not contained in his petition. Specifically, Appellant argued in his post-hearing brief that he should not be required to register under SORNA because, in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court held that the retroactive application of SORNA's registration requirement is unconstitutional. Appellant's Post-Hearing Brief, 5/22/18, at 3-6.

On July 9, 2019, the lower court entered an order, which granted in part and denied in part Appellant's Petition. The lower court ruled: "the State Police may require [Appellant] to continue registering subject to the registration requirements of Megan's Law II; however, any additional requirements that might exist in Act 29 of 2018 that go beyond Megan's Law II are disallowed." Lower Court Order, 7/9/19, at 3 (emphasis omitted).

Appellant filed a timely notice of appeal from the lower court's order. He raises one claim to this Court:

> Can the requirements of Megan's Law II be imposed on [Appellant] where Megan's Law II expired with the passage of SORNA in 2012, the trial court found any requirements in excess of those found in Megan's Law II cannot be enforced, and it is clear that the General Assembly passed the successors to Megan's Law II specifically to strengthen its requirements?

Appellant's Brief at 4.

Before considering Appellant's claim, we must determine whether the courts of this Commonwealth possess subject matter jurisdiction over the merits of Appellant's Petition. **See Grom v. Burgoon**, 672 A.2d 823-824 (Pa.

- 3 -

Super. 1996) ("[i]t is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*").

Appellant began registering as a sex offender in December 2000, in accordance with Megan's Law II, and, at the time SORNA was enacted, Appellant's registration obligation had not expired. Therefore, at the time Appellant filed the Petition in 2018, Appellant was facially subject to registration under Subchapter I of SORNA. **See** 42 Pa.C.S.A. § 9799.52 ("[t]his subchapter shall apply to individuals who were . . . required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired").

Within Appellant's Petition, Appellant challenged SORNA's registration provisions and Appellant requested that the lower court "find [SORNA's] registration [requirement] inapplicable to [Appellant] or issue a writ of *habeas corpus* barring application of any sexual offender registration requirements." Appellant's Petition, 4/13/18, at 2 (some capitalization omitted). As we have held, "claims challenging application of SORNA's registration provisions . . . are considered under the [Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]," as these claims implicate the legality of a petitioner's sentence. **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa. Super. 2019); **see also** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving

- 4 -

illegal sentences may obtain collateral relief"). The PCRA expressly states that it "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542; **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Therefore, since Appellant was facially required to register under SORNA and since "claims challenging application of SORNA's registration provisions . . . are considered under the PCRA," Appellant's claim, challenging his registration obligation under SORNA, falls under the rubric of the PCRA. **Greco**, 203 A.3d at 1123. Moreover, since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016) ("[the Pennsylvania Supreme] Court has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the]

petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003) (citations omitted). "The question of whether a [PCRA] petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

Appellant's judgment of sentence became final in 1995, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. As Appellant did not file his current petition until April 13, 2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1);

*Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the one-year time-bar in the Petition. Thus, Appellant's Petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the portion of the PCRA court's order that denied Appellant relief.

However, as noted above, the PCRA court also granted Appellant partial relief in this case. *See* PCRA Court Order, 7/9/19, at 3. This was erroneous. As we have held, it is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void." *Commonwealth v. Schmotzer*, 831 A.2d 689, 695 n. 2 (Pa. Super. 2003); *see also Comm. ex rel. Penland v. Ashe*, 19 A.2d 464, 466 (Pa. 1941) ("every judgment is void, which clearly appears on its own face to have been pronounced by a court having no jurisdiction or authority in the subject-matter"). A void judgment is "no judgment at all." *Ashe*, 19 A.2d at 466. Thus, our Supreme Court has held, "it is the duty of the court of its own motion to strike off [a void judgment] whenever its attention is called to it." *Romberger v. Romberger*, 139 A. 159, 160 (Pa. 1927).

In this case, the PCRA court did not possess subject matter jurisdiction to entertain the merits of Appellant's claim. Therefore, we must vacate the portion of the PCRA court's July 9, 2019 order that granted Appellant partial relief.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/15/2020