Commonwealth *v.* Montgomery, Appellant.

Submitted May 4, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Lee R. Montgomery,* appellant in propria persona.

*H. Vance Cottom,* District Attorney, and *T. A. Wag-
goner, Jr.,* Assistant District Attorney submitted a
brief for the Commonwealth.

PER CURIAM, May 5, 1943:

Appellant was convicted in the Court of Oyer and
Terminer of Fayette County (No. 2/42 September Ses-
sions, 1938) of the larceny of an automobile (Act of
May 1, 1919, P. L. 99, 18 PS §2774) and was sentenced
on October 4, 1938 to imprisonment in the Western
State Penitentiary for a term of not less than five years
nor more than ten years, to be computed from September
12, 1938.

While in confinement in said penitentiary under said
sentence, he sent by mail to the Prothonotary of Fayette
County a petition for a writ of habeas corpus, which
the President Judge of the Court of Common Pleas of
said county, on February 19, 1942, refused to issue for
want of jurisdiction; as the warden of said peniten-
tiary was not within the County of Fayette and the

344

relator was not restrained of his liberty within said jurisdiction.

On April 17, 1942 he appealed to this Court from the judgment of the Court of Oyer and Terminer of Fayette County to No. 2/42 September Sessions, 1938 and in response to the writ of certiorari from this Court the record of that court was forwarded by the Clerk of Courts of Fayette County.

An appeal from the judgment of the Court of Oyer and Terminer of Fayette County entered October 4, 1938, could not be taken after forty-five days from the date it was entered (Act of May 11, 1927, P. L. 972, 12 PS §1136).

He did not appeal from the order of the Court of Common Pleas refusing to issue a writ of habeas corpus for want of jurisdiction; and if he had appealed, the order would have to be affirmed, for the Court of Common Pleas of Fayette County has no jurisdiction to issue a writ of habeas corpus directed to the Warden of the Western State Penitentiary in either Allegheny County or Centre County. We do not have the record in that proceeding before us and do not know the matters alleged in said petition as grounds for his discharge.

Hence the appeal will be dismissed, without prejudice, however, to the appellant's right to present a petition for writ of habeas corpus to the Court of Common Pleas, or a judge thereof, of the county in which he is confined under said sentence.

Appeal dismissed, without prejudice, etc.