Commonwealth ex rel. Paylor *v.* Claudy.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 5, 1951:

Relator, Henry Paylor, has petitioned this Court, as a matter of *original jurisdiction,* for a writ of *habeas corpus* seeking his release and discharge from the Western State Penitentiary. The reasons assigned may be summarized as follows:

Relator was arrested May 5, 1944. He was indicted; an attorney was appointed by the court to represent him; and after trial he was convicted and sentenced on June 13, 1944 upon the following charges: *Rape.* (sentence: fine 6¼c; costs; 7½ to 15 years from May 5, 1944); *Robbery, receiving stolen goods.* (fine 6¼c; costs; 5 to 10 years from expiration of sentence for rape); according to the petition, defendant was also sentenced to pay a fine of 6¼c; pay costs; imprisonment 2½ to 5 years, to begin and take effect at expiration of above sentence.

Relator avers that he was deprived of his constitutional right to be present in court at the selection of the petit jury; that no member of his race was permitted to sit in his case; that he was tried on four separate indictments without his consent or that of his counsel; that he was made to stand trial without the jury or the defendant hearing the indictments read in court; that the judge brought to the attention of the jury petitioner's past record in such a manner as virtually to state that petitioner was guilty; that part of his sentence was modified when he was brought before the court and his sentence doubled in case No. 2, making it from

10 to 20 years instead of 5 to 10 years, which was done without notice to him or to his counsel and without knowledge on his part of what was taking place.

Some of the above averments may raise substantial questions of fact.

The writ of *habeas corpus* is regarded as the greatest and most important remedy known to the law. It is the precious safeguard of personal liberty. There is no higher duty than to maintain it unimpaired. It is a civil remedy rather than a criminal proceeding regardless of whether the prisoner is detained under civil or criminal process. For a review of the origin and history of the writ and its issuance and use see cases cited in 39 C. J. S. p. 421 et seq.; 25 American Jurisprudence p. 139 et seq.

This Court possesses and frequently has taken *original jurisdiction* in applications for writs of *habeas corpus*. Such applications in recent years have prodigiously increased both in number and scope. Their consideration has resulted in great burden upon the Supreme Court which seriously interferes with its primary function of review.

While this Court possesses original jurisdiction in *habeas corpus,* such jurisdiction is not exclusive. It is concurrent with that of the Superior Court and the Courts of Common Pleas. The Court of Quarter Sessions of Philadelphia has concurrent general jurisdiction to issue writs of *habeas corpus*: Act of 1837, April 4, P. L. 377, sec. 2, 17 PS 502. In specified situations the following courts also have jurisdiction to issue writs of *habeas corpus* in aid of their jurisdiction: Orphans' Court, Act of June 7, 1917 P. L. 363, sec. 9 [p], [q], as amended, 20 PS 2254; the Allegheny County Court, Act of May 5, 1911 P. L. 198 sec. 6, subds. [a-d] as amended, 17 PS 626; the Municipal Court, Act of 1913, July 12, P. L. 711, sec. 16, as amended, 17 PS 699; see

jurisdiction in extradition proceedings, Act of July 8, 1941 P. L. 288 sec. 10, 19 PS 191.10.

The Constitution of the Commonwealth of Pennsylvania conferred *original* jurisdiction upon the Supreme Court by Art. 5 Sec. 3 which reads as follows: ". . . [The Supreme Court] shall have original jurisdiction in cases of injunction where a corporation is a party defendant, of habeas corpus, of mandamus to courts of inferior jurisdiction, and of quo warranto as to all officers of the Commonwealth whose jurisdiction extends over the State, but shall not exercise any other original jurisdiction; they shall have appellate jurisdiction by appeal, certiorari or writ of error in all cases, as is now or may hereafter be provided by law."

The Legislature conferred original jurisdiction upon the Superior Court by the Act of June 24, 1895 P. L. 212 Sec. 7, as amended, 17 PS 181, reading: "[The Superior Court] shall have no original jurisdiction, except . . . that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus. . . ."

The Court of Common Pleas has jurisdiction to issue writs of *habeas corpus* which jurisdiction is derived from the common law and statute: *Williamson v. Lewis,* 39 Pa. 9; *Commonwealth v. John Gibbons,* 9 Pa. Superior Ct. 527; *Commonwealth ex rel. Burton et al. v. Baldi,* 147 Pa. Superior Ct. 193, 24 A. 2d 76; Act of February 18, 1785, 2 Sm. L. 275 Sec. 1 et seq., 12 PS 1871.

A court of common pleas of one county has no jurisdiction to issue a writ of *habeas corpus* directed to the warden of a penitentiary situate in another county: *Miller v. Erie County Court of Common Pleas,* 356 Pa. 396, 52 A. 2d 223; *Commonwealth v. Montgomery,* 152 Pa. Superior Ct. 342, 31 A. 2d 913. But the judge, or court, before whom any writ of *habeas corpus* shall be

returnable has power to issue subpoenas and all other process necessary to compel the attendance of witnesses: Act of April 17, 1866 P. L. 112 Sec. 1, 12 PS 1875.

While under Sec. 3 of Art. 5 of the State Constitution *original* jurisdiction is conferred upon the Supreme Court in *habeas corpus,* original jurisdiction is *also* conferred "in cases of injunction where a corporation is a party defendant", of "mandamus to courts of inferior jurisdiction" and "of quo warranto as to all officers of the Commonwealth whose jurisdiction extends over the State." In applications to this Court to take original jurisdiction in cases of injunction, mandamus and quo warranto, permission to so proceed lies within the discretion of the Court and then only where the necessity for such action is apparent: *M. D. Clark et al. v. Boro of Washington,* 145 Pa. 566, 23 A. 333; *Wentz v. Philadelphia et al.,* 301 Pa. 261, 151 A. 883; *Philadelphia Gas Works Company v. Philadelphia et al.,* 331 Pa. 321, 1 A. 2d 156. No reason exists why application to take original jurisdiction in cases of *habeas corpus* should receive different consideration than the other stipulated cases where the Constitution conferred original jurisdiction upon the Supreme Court. In *Commonwealth v. Curry,* 285 Pa. 289, 132 A. 370, Chief Justice MOSCHZISKER said, p. 291: "While we have original jurisdiction in such matters, ordinarily applications for habeas corpus should go to other courts, having like jurisdiction, thus affording the Supreme Court time to perform its primary duty of reviewing the decisions of subordinate tribunals. . . ."

We quoted this language with approval in *Commonwealth ex rel. v. Keeper of County Prison,* 295 Pa. 252, 253, 145 A. 130.

In the current avalanche of petitions to this Court for writs of *habeas corpus,* with increasing frequency, questions of fact are being submitted which require

taking of testimony and exhibition of court and prison records.  Cf. *Commonwealth ex rel. Milewski v. Ashe, Warden,* 362 Pa. 48, 66 A. 2d 281.

Should there exist imperative necessity or apparent reason why expedition is desirable or required, this Court in its discretion, may grant permission to proceed by original jurisdiction in *habeas corpus* applications, as in other cases under Art. 5 Sec. 3 of the Constitution, supra.  In the absence of such necessity or desirability, the interests of the relator and the Commonwealth will be best served in this and similar cases by relator making application to the appropriate court where, with proper petitions, answers and evidence (when indicated), that court will, when required, make necessary findings of fact and conclusions of law, and enter such orders and decrees as it may deem appropriate.  Appeal may then be had to either of the appellate courts.

The petition for writ of *habeas corpus* is denied, without prejudice, to proceed as above indicated.