## UNITED STATES ex rel. CALVIN v. CLAUDY.

### Civ. A. No. 9381.

United States District Court
W. D. Pennsylvania.

Feb. 14, 1951.

BURNS, District Judge.

The allegations of the instant petition are (1) that petitioner is incarcerated by virtue of a sentence imposed by the Court of Oyer and Terminer of Crawford County, Pennsylvania, (2) that a petition for a writ of habeas corpus was filed in "the Allegheny County Court of Pennsylvania", which writ was denied, (3) that he filed a similar petition in the Supreme Court of Pennsylvania, which denied the petition as to "Case No. 8, November Term, 1947", and (4) that the Supreme Court of the United States denied his petition for a writ of certiorari, 71 S.Ct. 355. The petition at bar, asserting that due process has not been accorded him, followed.

As I interpret Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, and Gusik v. Schilder, 1950, 340 U.S. 128, at pages 131–132, 71 S.Ct. 149, the doctrine of exhaustion of state remedies before resort may be had to a federal district court contemplates the full use of the state court machinery of that state. In other words, to invoke the jurisdiction of this Court, petitioner would have to show that he filed a petition in the appropriate court of first instance in Pennsylvania, that in due course he appealed an adverse decision through the Superior Court of Pennsylvania and Supreme Court of Pennsylvania, and that he sought certiorari in the Supreme Court of the United States in timely fashion. Only such extraordinary circumstances as those present in United States ex rel. Auld v. Warden of the New Jersey State Penitentiary, 3 Cir., 1951, 187 F.2d 615, could justify the waiving of any of the foregoing steps prior to invoking the jurisdiction of this Court. The petition here under consideration discloses no reason warranting deviation from the salutary rule set forth in Darr v. Burford, supra.

It might not be inapposite to note further that the late Chief Justice Maxey of the Supreme Court of Pennsylvania, in a letter dated October 31, 1949, to one Ralph A. Howard, then a prisoner in the same state penitentiary as that detaining this petitioner, stated that it is an "inflexible rule" of the Supreme Court of Pennsylvania that petitions for a writ of habeas corpus in that court would not be received without payment of the required filing fee. Also, a recent pronouncement of the Supreme Court of Pennsylvania indicates that, at least in the future, petitions for a writ of habeas corpus will be heard by that court only in its appellate function. Commonwealth ex rel. Paylor v. Claudy, 1951, 366 Pa. 282, 77 A.2d 350.

The same conclusions as are here expressed have been reached by Judge Marsh, of this Court, in United States ex rel. Geisel v. Claudy, Warden, D.C., W.D.Pa. 1951, 96 F.Supp. 201. That opinion is here adopted as an accurate expression of my views.