## UNITED STATES ex rel. FRAZIER v. COMMONWEALTH et al.

### Civ. A. No. 9545.

United States District Court
W. D. Pennsylvania.

April 27, 1951.

Motion to Vacate Refused June 27, 1951.

John W. King, Manchester, N. H., for plaintiff.

Charles M. Dale, Ray E. Burkett, Portsmouth, N. H., for defendant.

The channeling of a petition for a writ of habeas corpus through the Court of Common Pleas and the Superior Court of Pennsylvania was recently enunciated as a prerequisite for the Supreme Court of Pennsylvania to entertain such petition. The Supreme Court of Pennsylvania will assume original jurisdiction only in the event of unusual circumstances. Commonwealth ex rel. Paylor v. Claudy, 366 Pa. 282, 77 A.2d 350.

Application for leave to file in forma pauperis a petition for writ of habeas corpus is allowed. The petition for writ of habeas corpus is denied without prejudice.

---

Petition submitted by petitioner without aid of counsel.

GOURLEY, Chief Judge.

An examination of the habeas corpus petition indicates failure of said petitioner to exhaust his state remedies. The petition indicates that he applied for a writ of habeas corpus in the State Supreme Court of Pennsylvania on or about April 21, 1950, wherein the petition was denied by the Court per curiam. Petitioner then applied for a writ of certiorari in the United States Supreme Court, which was denied on October 9, 1950. Frazier v. Ashe, 340 U.S. 843, 71 S.Ct. 33.

The doctrine of exhaustion of state remedies before resort may be had to a federal district court contemplates the full use of the state court machinery of that state. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. In order to invoke the jurisdiction of this Court, petitioner would have to show that he filed a petition in the Court of Common Pleas of the County where he is now confined, in the first instance, and that in due course he appealed an adverse decision through the Superior Court of Pennsylvania and Supreme Court of Pennsylvania, and that he sought certiorari in the Supreme Court of the United States in timely fashion. Only extraordinary circumstances could justify the waiving of the foregoing steps prior to invoking the jurisdiction of this Court.