**UNITED STATES ex rel. FRAZIER v. COMMONWEALTH OF PENN-SYLVANIA.**

**Civ. No. 9545.**

United States District Court, W. D. Pennsylvania.

June 27, 1951.

920

GOURLEY, Chief Judge.

This is a petition to vacate an order denying a writ of habeas corpus for failure to exhaust state remedies, D.C., 97 F. Supp. 62.

Petitioner has been convicted and sentenced for murder, a capital crime. He argues that Article V, § 24 of the Pennsylvania Constitution, P.S., authorizes removal for review of a conviction for felonious homicide to the Supreme Court of Pennsylvania, and thus petitioner is not required to make application for habeas corpus to any other state court in order to invoke the jurisdiction of the United States District Court.

Petition undoubtedly fails to understand the distinction between a habeas corpus proceeding, which is a civil action, and a proceeding to review a conviction and sentence, which is purely criminal in character.

Petitioner instituted his first application for a writ of habeas corpus in the Supreme Court of Pennsylvania, which was denied without argument or hearing by a per curiam order. Application for writ of certiorari to the Supreme Court of the United States was denied in the same manner.

Petitioner at no time has filed an application for writ of habeas corpus in the Court of Common Pleas of the county where he is now confined.

The Court of Common Pleas has jurisdiction to issue the writ of habeas corpus which is derived from the common law and statute. It is in the Common Pleas Court that the petitioner is best able to secure a hearing, present evidence and have testimony taken. He is thus able to build a record from which an appeal can be taken.

In the matter before the Supreme Court of Pennsylvania, the petitioner or no one appeared in his behalf. Thus by failing to pose factual questions in the appropriate court of record in Pennsylvania, an opportunity has not existed to appear before a judge which is a basic consideration of habeas corpus practice.

The Supreme Court of Pennsylvania has recently held that the interests of a petitioner in a habeas corpus action will be best served by requiring application to the appropriate lower court where, with proper petitions, answers and evidence, said Court will, when required, make necessary findings of fact and conclusions of law, and enter such orders and decrees as it may deem appropriate. Appeal may then be had to either of the Pennsylvania appellate courts. Commonwealth ex rel. Paylor v. Claudy, 366 Pa. 282, 77 A.2d 350.

Even if a petitioner has been sentenced to death in a state court, this would not itself alone establish extraordinary circumstances of peculiar urgency so as to entitle him to maintain habeas corpus proceedings in the Federal Court without having exhausted his remedies in the state courts. United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 3 Cir., 187 F.2d 615.

In Darr v. Burford, 339 U.S. 200, at page 204, 70 S.Ct. 587, at page 590, 94 L. Ed. 761, the court stated that the doctrine of comity teaches "that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." As a matter of comity, therefore, this court should defer action until the

proper Pennsylvania court of common pleas has had an opportunity to pass upon the petitioner's allegations. It is our considered opinion, in the light of the foregoing, that the petitioner has not exhausted all of his state remedies nor has he proved exceptional circumstances which would require a departure from this established rule.

All the members of this Court have consistently held to the views herein expressed, and I see no reason to reach a contrary conclusion. U. S. ex rel. Calvin v. Claudy, D.C., 95 F.Supp. 732; U. S. ex rel. Geisel v. Claudy, Warden, D.C., 96 F.Supp. 201; U. S. ex rel. Frazier v. Commonwealth, D. C., 97 F.Supp. 62.

Petition to vacate Order denying writ of habeas corpus is refused.

An appropriate Order is entered.