**UNITED STATES ex rel. ALLEN v. CLAUDY, Warden, et al.**

Civ. A. No. 9709.

United States District Court W. D. Pennsylvania.

July 6, 1951.

Supplemental Opinion July 13, 1951.

No counsel. Petitioner filed his own petition.

GOURLEY, Chief Judge.

On January 21, 1949, petitioner was sentenced to the Western State Penitentiary by the Court of Westmoreland County, Pennsylvania, for a period of not less than five years or more than ten years.

Subsequent thereto, the date not appearing in the relator's complaint, a petition for writ of habeas corpus was filed in the Supreme Court of Pennsylvania.

On June 12, 1950, the Supreme Court granted a rule on the state authorities to show cause why the writ of habeas corpus should not issue, returnable to July 12, 1950.

On September 23, 1950, the petition was refused by the Supreme Court of Pennsylvania by Per Curiam Order, "Rule Discharged."

Petitioner then filed application for writ of certiorari to the Supreme Court of the United States. Subsequent thereto, he filed a motion to dismiss said application, and on October 23, 1950, the Supreme Court of the United States dismissed said application. Allen v. Ashe, 340 U.S. 860, 71 S.Ct. 84.

Subsequently the petitioner filed application for writ of habeas corpus in the Court of Common Pleas of Allegheny County, Pennsylvania, which is the jurisdiction where he is incarcerated. Said Court dismissed the petition on January 18, 1951 without hearing, on the basis of the pleadings and court records.

Petition for rehearing was filed, which was refused on March 26, 1951.

Petition for rehearing was then filed with the Supreme Court of Pennsylvania, which was dismissed by Per Curiam Order, "Petition Dismissed" on April 23, 1951.

Petition for writ of certiorari was filed with the Supreme Court of the United States, which was denied on June 4, 1951, 71 S.Ct. 1007.

Leave will be granted for petitioner to file a petition in habeas corpus in forma pauperis, but it is necessary to refuse the petition.

To invoke the jurisdiction of this Court, the petitioner must show that he filed a petition in the appropriate court in the first instance in Pennsylvania, that in due course he appealed an adverse decision through the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania, and that he sought certiorari in the Supreme Court of the United States in timely fashion.

Only such extraordinary circumstances as those present in United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 3 Cir., 187 F.2d 615, could justify the waiving of any of the foregoing steps prior to invoking the jurisdiction of this Court.

The doctrine of the exhaustion of state remedies before resort may be had to a federal district court contemplates the full use of the state court machinery of that State. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149.

The petition under consideration discloses no reason which warrants a deviation from the salient rule set forth in Darr v. Burford, supra.

The members of this Court have consistently held to the views herein expressed, and I see no reason to reach a contrary conclusion. U. S. ex rel. Calvin v. Claudy, D.C., 95 F.Supp. 732; U. S. ex rel. Geisel v. Claudy, D.C., 96 F.Supp. 201; U. S. ex rel. Frazier v. Commonwealth, D.C., 97 F.Supp. 62.

The petition for writ of habeas corpus is refused.

An appropriate order is entered.

## Supplemental Opinion

GOURLEY, Chief Judge.

On July 6, 1951, the Court refused the petitioner's application for writ of habeas corpus since there was a failure to exhaust state remedies.

The petitioner has forwarded to the Court a written paper, which will be considered as a motion, in which he earnestly implores the Court to reconsider the conclusion reached.

I am appreciative that the petitioner has endeavored over a period of time to secure a hearing in open court before a state tribunal which has been to no avail.

Regardless, extraordinary circumstances of such peculiar urgency do not exist in this case which require or justify the Court to depart from the rule that the United States District Court should not assume jurisdiction of a habeas corpus proceeding which arises out of a state proceeding until there has been an exhaustion of state remedies.

The members of this Court have consistently held to the rule that exhaustion of state remedies in Pennsylvania means—

(a) Filing of petition with Court of Common Pleas.

(b) Appeal of adverse decision to Superior Court of Pennsylvania.

(c) Filing of application for writ of certiorari, review or appeal from the Superior Court of Pennsylvania to the Supreme Court of Pennsylvania.

(d) Filing of application for writ of certiorari from the decision of the Supreme Court of Pennsylvania to the Supreme Court of the United States.

By recent action of the legislature in Pennsylvania, jurisdiction in habeas corpus matters was transferred from the judicial district in the state where the prisoner was confined to the judicial district where the petitioner was convicted and sentenced.

As to the right of appeal, the legislature provided that when the basis of the petition is an alleged defect or illegality in a criminal proceeding the appeal shall be to the court which has appellate jurisdiction in cases involving the crime with which the person imprisoned or detained has been convicted. In all other cases appeals shall be to the Supreme Court of Pennsylvania. Act Number 98, Commonwealth of Pennsylvania, approved and effective May 25, 1951.

Under the law of Pennsylvania, the only criminal actions which are appealable direct to the Supreme Court of Pennsylvania from the decrees and orders of the trial court are homicide and voluntary manslaughter. 19 Pa.P.S. § 1182.

In view of the foregoing it is self-evident that the law of Pennsylvania is now in accord with the rule of law previously enunciated by this Court as to what constitutes an exhaustion of state remedies in a habeas corpus proceeding of this nature (confinement by virtue of a state sentence for a state crime less than homicide or voluntary manslaughter).

■ In order that no misunderstanding will exist in the future, exhaustion of state remedies to give this Court jurisdiction, exclusive of cases of peculiar urgency which are rare and the exception, means—

(a) Filing of application for writ of habeas corpus in the county where the petitioner was convicted or sentenced.

(b) Appeal to the Superior Court of Pennsylvania from the disposition and decree entered by the sentencing court.

(c) Appeal, writ of certiorari or review from the Superior Court of Pennsylvania to the Supreme Court of Pennsylvania.

(d) Application for writ of certiorari to the Supreme Court of the United States from the decision and order of the Supreme Court of Pennsylvania.

■ Only two exceptions exist to this procedure. If the state offense under which the petitioner is confined involves the crime of homicide or voluntary manslaughter, no need exists to appeal from the state court where the sentence was imposed to the Superior Court of Pennsylvania. In those two cases appeal may be made direct to the Supreme Court of Pennsylvania and

application for writ of certiorari to the Supreme Court of the United States must be made from the decision and order of the Supreme Court of Pennsylvania.

Petitioner has failed to exhaust state remedies. The motion to reconsider must be refused and it is so ordered.