**UNITED STATES ex rel. SPENCER v. CLAUDY, Warden.**

Civ. A. No. 9517.

United States District Court
W. D. Pennsylvania.

Aug. 1, 1951.

Ezra C. Stiles, Jr., Pittsburgh, Pa., for petitioner.

Owen B. McManus, Jr., Pittsburgh, Pa., for Allegheny County Dist. Atty.'s Office.

MARSH, District Judge.

Petitioner applied to this court for a writ of habeas corpus on August 27, 1950. This petition was dismissed upon discovery that the petitioner was confined in the Rockview Penitentiary at Bellefonte, Pennsylvania, which is not in the jurisdictional limits of the District Court for the Western District of Pennsylvania.[1] On March 6, 1951, petitioner again applied for the writ, stating that he was now confined in the Western State Penitentiary in this district. It appeared from his original petition that

1. Civil Action No. 9109 (Habeas Corpus), dismissed November 6, 1950.

he had applied to the Supreme Court of Pennsylvania for an original writ of habeas corpus which was refused. Commonwealth ex rel. Spencer v. Ashe, Warden, 1950, 364 Pa. 442, 71 A.2d 799. Certiorari was denied by the Supreme Court of the United States. 1950, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1390.

A rule to show cause was issued and an answer was filed by Dr. Claudy, Warden of the Western State Penitentiary, and by the District Attorney of Allegheny County, Pennsylvania. A date for hearing was set and notice given to the District Attorney, the Attorney General of Pennsylvania, and the Warden of the Penitentiary. The hearing was held April 30, 1951, at which petitioner, his court-appointed counsel, and the Assistant District Attorney of Allegheny County were present.

█ It appears that the petitioner has not exhausted his state remedies in that he has not applied for a writ of habeas corpus to the Court of Common Pleas of Allegheny County, Pennsylvania. If the decision of that court were adverse, he then might have taken successive appeals to the Superior and Supreme Courts of Pennsylvania. Neither does it appear that petitioner applied for a writ of habeas corpus in the Superior Court of Pennsylvania. See United States ex rel. Geisel v. Claudy, D.C. W.D.Pa. 1951, 96 F.Supp. 201; United States ex rel. Frazier v. Commonwealth, D.C.W.D.Pa. 1951, 97 F.Supp. 62; United States ex rel. Rouzer v. Claudy, Civil Action 9296, D.C.W.D.Pa. 1951,[2] United States ex rel. Allen v. Claudy, D.C.W.D.Pa. 1951, 98 F.Supp. 792. The Court of Common Pleas is the state court which is particularly equipped to take testimony and determine the facts in these cases. See Commonwealth ex rel. Paylor v. Claudy, 1951, 366 Pa. 282, 77 A.2d 350.

█ Therefore, our only inquiry at the hearing was to determine whether exceptional circumstances existed which might require a United States court to exercise its jurisdiction and grant the writ. See United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 3 Cir., 1951, 187 F.2d 615. After hearing the petitioner fully, we find no exceptional circumstances which would warrant our interference. The allegation, urged by petitioner, that he was not present when the jury was selected is a disputed fact, the determination of which is peculiarly suitable for a Common Pleas Court hearing, which Court petitioner has avoided. However, the Supreme Court of Pennsylvania has determined from the record of the trial court that the petitioner was present when the jury was selected. Commonwealth ex rel. Spencer v. Ashe, supra, 71 A.2d at page 800. Subsequent to the hearing held in this court, petitioner has been given additional opportunity to produce evidence which would convince us that the Supreme Court of Pennsylvania erred but has failed to do so.

Petitioner was represented by competent counsel at the trial of his case and at the argument before the Supreme Court of Pennsylvania on the writ of habeas corpus. He was represented by competent counsel here. His allegations that he was abused by police officers at the time of his arrest; that he was tried on four indictments at the same time, one of which—burglary— allegedly did not grow out of the same circumstances alleged in the other three (this was contradicted by the Supreme Court), and the existence of other irregularities set forth in his petition, should have been heard on appeal by the state courts and cannot be raised collaterally by habeas corpus proceedings. If the penalty is deemed excessive in relation to the crimes for which he was convicted, application should be made to the State Pardon Board for commutation of sentence. The petition will be dismissed.

2. No opinion for publication.