J-S10040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VICTOR ZANDERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN RANSOM, SUPERINTENDENT | : | No. 977 MDA 2024 |

Appeal from the Order Entered June 11, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2023-09083

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORDANDUM BY SULLIVAN, J.:        **FILED: SEPTEMBER 11, 2025**

Victor Zanders ("Zanders") appeals *pro se* from the order transferring his self-titled petition for writ of *habeas corpus* from Luzerne County to Philadelphia County.  We affirm.

In 1996, Zanders was convicted of second-degree murder, and the Philadelphia Court of Common Pleas sentenced him to life imprisonment.[1] Zanders is serving his sentence in SCI-Dallas, located in Luzerne County.  In August 2023, Zanders filed the instant petition in Luzerne County and raised sixteen claims, the essence of which are as follows: (1) he was not sentenced to life without the possibility of parole; (2) there was no legal sentencing order to hold him in prison; and (3) his continued detention without the possibility of parole violated state and federal constitutional protections.  ***See*** Pet.,

_____

[1] Zanders does not allege that he was a juvenile at the time of the murder.

8/30/23, unnumbered at 2-4. Zanders asserted that all of his claims "test the legality of his commitment and detention." *Id*. at 4. The defendant, the then-superintendent of SCI-Dallas, filed an answer as well as a motion for transfer or dismissal of the petition. On June 11, 2024, the trial court transferred the petition to Philadelphia County. Zanders timely appealed.[2]

Prior to reviewing the merits of Zanders's appeal, we must first determine whether we have jurisdiction over this case. *See Smith v. O'Brien*, 321 A.3d 1034, 1039 (Pa. Super. 2024). Appellee, the then-superintendent of SCI-Dallas, argues that this Court should quash this appeal because: (1) the order is not a final order; (2) the trial court transferred the petition for writ of *habeas corpus* under 42 Pa.C.S.A. § 5103, *see* Pa.R.Crim.P. 108, cmt.; and (3) while Pa.R.A.P. 311(c) permits an interlocutory appeal as of right from an order in a civil proceeding changing venue or transferring a matter to a court of coordinate jurisdiction, the comment to Pa.R.A.P. 311(c) states that a transfer pursuant to section 5103 is not immediately appealable, *see* Pa.R.A.P. 311, cmt. to 311(c). *See* Appellee's Br. at 6-7.

Because a petition for writ of *habeas corpus* is civil in nature, Pa.R.A.P. 311(c) affords a basis to exercise appellate jurisdiction over an otherwise non-final order transferring venue. *See* Pa.R.A.P. 311(c) (noting, in relevant part,

---

[2] The trial court ordered the filing and service of a Pa.R.A.P. 1925(b) statement. Although neither the record nor the docket indicates Zanders filed a Rule 1925(b)statement, we decline to find waiver because the docket does not establish when the trial court's order for a Rule 1925(b) statement had been served on Zanders. *Cf*. *In re L.M.*, 923 A.2d 505, 510 (Pa. Super. 2007).

that "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue" or "transferring the matter to another court of coordinate jurisdiction"); **Com. ex rel. Paylor v. Claudy**, 77 A.2d 350, 351 (Pa. 1951) (noting that *habeas corpus* is "a civil remedy rather than a criminal proceeding regardless of whether the prisoner is detained under civil or criminal process"). As noted by Appellee, the relevant rule for transferring venue of the instant petition for writ of *habeas corpus* are set forth in Pa.R.Crim.P. 108, the comment to which states, "[a] petition misfiled in the wrong judicial district under this rule may be transferred to the proper judicial district pursuant to . . . 42 Pa.C.S.[A.] § 5103(a)." Pa.R.Crim.P. 108, cmt. In turn, 42 Pa.C.S.A. § 5103 states, "If [a] matter is . . . brought in a court . . . which does not have jurisdiction . . ., the court . . . shall not . . . dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth . . . ." 42 Pa.C.S.A. § 5103(a). The comment to Pa.R.A.P. 311(c) further states subdivision(c) "does not relate to a transfer under . . . 42 Pa.C.S.[A.] § 5103, or any other similar provision of law, because such a transfer is not to a 'court of coordinate jurisdiction' within the meaning of this rule." **See** Pa.R.A.P. 311, cmt. to 311(c). The comment continues, "[I]t is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction." **See** Pa.R.A.P. 311, cmt. to 311(c).

The present transfer of the petition for writ of *habeas corpus* pursuant to Pa.R.Crim.P. 108 and 42 Pa.C.S.A. § 5103(a) constitutes a change of venue. **See** 42 Pa.C.S.A. § 6502(b) (stating that **venue** for petitions for writ

- 3 -

of *habeas corpus* under 42 Pa.C.S.A. §§ 6501-6505 shall be prescribed by general rule); Pa.R.Crim.P. 108, cmt. (stating that "[t]his rule implements [s]ection 6502(b) . . . as it applies **to the venue** for petitions for writs of *habeas corpus* in criminal matters") (emphasis and italics added). Moreover, such a transfer does not implicate improper subject matter jurisdiction. Rather, it involves a transfer between courts of coordinate jurisdiction. **See** 42 Pa.C.S.A. § 6501(a) (authorizing any judge of a court of record to issue a writ of *habeas corpus*); **see also Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003) (noting subject matter jurisdiction and venue are distinct). Accordingly, this appeal falls within the explicit wording of Pa.R.A.P. 311(c), and we reject Appellee's claim that the comments to Pa.R.Crim.P. 108 and Pa.R.A.P. 311(c) preclude this Court from exercising jurisdiction.[3] **See** Pa.R.A.P. 107; **see also** Pa.R.J.A. 108 (a)-(c). Having concluded that this Court has jurisdiction over this appeal, we proceed to review the trial court's order transferring Zanders's petition.

This Court reviews a transfer of venue for an abuse of discretion. **Cf**. **Commonwealth v. Nicoletti**, 328 A.3d 85, 90 (Pa. Super. 2024). As noted

---

[3] We note that a recent Commonwealth Court decision has agreed with Appellee's argument to quash. **See Barnett v. Ransom**, 337 A.3d 986, 2025 WL 763690 (Pa. Cmwlth. 2025) (mem. op. at *2) (quashing an appeal from an order transferring a petition for writ of *habeas corpus* based on the comment to Pa.R.A.P. 311(c)). Although we may cite that decision for persuasive value, it is neither precedential nor binding on this Court. **See** Pa.R.A.P. 126(b); **Peter Daniels Realty, Inc. v. N. Equity Inv'rs, Grp., Inc.**, 829 A.2d 721, 723 (Pa. Super. 2003). For the reasons stated above, we respectfully decline to follow the **Barnett** decision.

above, Pennsylvania Rule of Criminal Procedure 108 governs venue in *habeas* actions in criminal matters and states:

> (A) A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.
>
> (B) A petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined.

Pa.R.Crim.P. 108. To the extent the issue on appeal involves the interpretation and application of the statute and rules governing venue, our standard of review is *de novo*, and the scope of our review is plenary. **Cf**. **Harvey v. Bohenski**, --- A.3d ---, 2025 WL 1482923 (Pa. Super. May 23, 2025) (unpublished mem. decision at *1); **see also** Pa.R.A.P. 126(b).

On appeal, Zanders discusses the merits of his claims that his confinement is illegal or unconstitutional, but he does not address 42 Pa.C.S.A. § 6502, Pa.R.Crim.P. 108, or the trial court's decision to transfer his petition. **See** Zanders's Br. at 9-18. Regardless, having reviewed the record and Zanders's arguments, we discern no abuse of discretion in the trial court's decision to transfer the instant petition to Philadelphia. Zanders's petition asserted he was challenging the legality of his confinement, **see** Pet. 8/30/23, unnumbered at 2-4, and his arguments on appeal confirm that he is challenging the legality of his confinement and not any condition of his confinement, **see** Zanders's Br. at 9-18. Pursuant to Pa.R.Crim.P. 108(A),

venue for Zanders's petition challenging the legality of confinement is in Philadelphia, the judicial district where the order directing the petitioner's detention or confinement was entered. **See** Pa.R.Crim.P. 108(A); **cf**. **Harvey**, 2025 WL 1482923 (unpublished mem. decision at *2-3). Accordingly, no relief is due from the order transferring the petition to Philadelphia.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>09/11/2025</u>