J-S10038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DARRELL REESE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN RANSOM | : | No. 129 MDA 2024 |

Appeal from the Order Entered October 17, 2023
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2021-04224

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: SEPTEMBER 11, 2025**

Darrell Reese ("Reese") appeals *pro se* from the order that denied in part, dismissed in part, and transferred from Luzerne County to Philadelphia County the remaining claims in his self-titled petition for writ of *habeas corpus*. We affirm in part and quash in part.

In 1999, following a second trial, Reese was convicted of first-degree murder, and the Philadelphia Court of Common Pleas sentenced him to life imprisonment.  Reese is serving his sentence in SCI-Dallas, located in Luzerne County.  In April 2021, Reese filed a petition for writ of habeas corpus in the Luzerne County Court of Common Pleas.  Although Reese was twenty-two years old at the time of the murder, he cited statutes and case law applicable to juvenile life sentences and asserted his sentence violated the Pennsylvania and federal constitutions.  **See** Pet., 4/20/21, at 2-6.  Reese also claimed he was entitled to parole review because **Commonwealth v. Batts**, 66 A.3d 286

(Pa. 2013), a case involving a juvenile offender, invalidated 61 Pa.C.S.A. § 6137(a)(1), which excepts life sentences from parole considerations. *See id*. at 6-9.[1] In June 2021, June 2023, and August 2023, Reese filed additional petitions that (1) raised a double jeopardy claim; (2) asserted the Prisons and Parole Code was unconstitutional; (3) challenged the legality of his confinement where he was not sentenced to life imprisonment without the possibility of parole, and (4) claimed the *ex post facto* application of 61 Pa.C.S.A. § 6137 deprived him of parole review. The trial court held a hearing in September 2023, at which Reese also asserted he was being confined without a written sentencing order.

On October 17, 2023, the trial court entered an order that: (1) denied relief on Reese's assertion he was held without a written sentencing order; (2) dismissed, as cognizable under the Post Conviction Relief Act ("PCRA"),[2] Reese's arguments that the sentencing and parole statutes were void in light of *Batts*; and (3) transferred the record to the Philadelphia County Court of Common Pleas to the extent Reese asserted challenges to the legality of his confinement. Reese timely filed a notice of appeal, and the trial court did not order a Pa.R.A.P. 1925(b) statement.

---

[1] As noted in *Batts*, 18 Pa.C.S.A. § 1102(a) requires the trial court to impose a sentence of death or life imprisonment upon a conviction of first-degree murder, and 61 Pa.C.S.A. § 6137(a)(1) makes a sentence of life imprisonment a mandatory sentence of life without parole. *See Batts*, 66 A.3d at 295-96.

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

Reese raises twelve questions for review that challenge the legality of his confinement due to: (1) violations of constitutional equal protection rights because he is similarly situated to a juvenile offender serving a life sentence; (2) his ineligibility for parole under statutes found unconstitutional in **Batts**; and (3) the *ex post facto* application of the Prisons and Parole Code to enhance his sentence. **See** Reese's Br. at 1-3.

At the outset, we note 42 Pa.C.S.A. § 6502(a) provides that "[a]ny judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose." 42 Pa.C.S.A. § 6502(a). Pennsylvania Rule of Criminal Procedure 108 governs venue in *habeas* actions in criminal matters and states:

> (A) A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.
>
> (B) A petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined.

Pa.R.Crim.P. 108 & cmt.; **see also** 42 Pa.C.S.A. § 6502(b) (authorizing our Supreme Court to prescribe rules concerning venue for petitions for writs of *habeas corpus*). The comment to Rule 108 further requires a petitioner who is confined in one judicial district, due to an order entered in another judicial district, to file separate petitions to challenge the conditions of confinement and the legality of confinement. **See** Pa.R.Crim.P. 108, cmt. A petitioner has

the right to an interlocutory appeal from an order transferring a petition for

writ of *habeas corpus*.  **See** Pa.R.A.P. 311(c).[3]

_____

[3] Because a petition for writ of *habeas corpus* is civil in nature, Pa.R.A.P. 311(c) affords a basis to exercise appellate jurisdiction over an otherwise non-final order transferring venue.  **See** Pa.R.A.P. 311(c) (noting, in relevant part, that "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue" or "transferring the matter to another court of coordinate jurisdiction"); **Com. ex rel. Paylor v. Claudy**, 77 A.2d 350, 351 (Pa. 1951) (noting that *habeas corpus* is "a civil remedy rather than a criminal proceeding regardless of whether the prisoner is detained under civil or criminal process").  We acknowledge the comment to Pa.R.Crim.P. 108 states, "[a] petition misfiled in the wrong judicial district under this rule may be transferred to the proper judicial district pursuant to . . . 42 Pa.C.S.[A.] § 5103(a)."  Pa.R.Crim.P. 108, cmt.  In turn, 42 Pa.C.S.A. § 5103 states, "If [a] matter is . . . brought in a court . . . which does not have jurisdiction . . ., the court . . . shall not . . . dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth . . .."  42 Pa.C.S.A. § 5103(a).  The comment to Pa.R.A.P. 311(c) further states subdivision(c) "does not relate to a transfer under . . . 42 Pa.C.S.[A.] § 5103, or any other similar provision of law, because such a transfer is not to a 'court of coordinate jurisdiction' within the meaning of this rule."  **See** Pa.R.A.P. 311, cmt. to 311(c).  The comment continues, "[I]t is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction."  **See** Pa.R.A.P. 311, cmt. to 311(c).

The present transfer of the petition for writ of *habeas corpus* pursuant to Pa.R.Crim.P. 108 and 42 Pa.C.S.A. § 5103(a) constitutes a change of venue.  **See** 42 Pa.C.S.A. § 6502(b) (stating that **venue** for petitions for writ of *habeas corpus* under 42 Pa.C.S.A. §§ 6501-6505 shall be prescribed by general rule); Pa.R.Crim.P. 108, cmt. (stating that "[t]his rule implements [s]ection 6502(b) . . . as it applies **to the venue** for petitions for writs of habeas corpus in criminal matters") (emphasis added).  Moreover, such a transfer does not implicate improper subject matter jurisdiction.  Rather, it involves a transfer between courts of coordinate jurisdiction.  **See** 42 Pa.C.S.A. § 6501 (authorizing any judge of a court of record to issue a writ of habeas corpus); **see also Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003) (noting subject matter jurisdiction and venue are distinct).  We acknowledge a recent Commonwealth Court decision that has quashed an appeal based on the comment to Pa.R.A.P. 311(c).  **See Barnett v. Ransom**,
*(Footnote Continued Next Page)*

Initially, our review of Reese's petition, as well as his arguments in this appeal, confirms that he challenged the legality of his confinement, not any condition of his confinement. Thus, to the extent the trial court properly transferred Reese's petition to Philadelphia County, we affirm.[4] *Cf. Harvey v. Bohenski*, --- A.3d ---, 2025 WL 1482923 (Pa. Super. May 23, 2025) (unpublished mem. decision at *2-3); *see also* Pa.R.A.P. 126(b).

Next, we note that the trial court also considered the substance of two claims raised in Reese's petition: first, the trial court denied Reese's claims that his confinement was illegal because the Department of Corrections was holding him without a written sentencing order; second, the trial court dismissed Reese's claim that *Batts* invalidated section 6137(a)(1). However, such claims go to the legality of Reese's confinement, and, absent a final determination by the Philadelphia County Court of Common Pleas, this Court lacks jurisdiction to review those issues. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 803 (Pa. Super. 2017) (noting that we may consider, *sua*

_____

337 A.3d 986, 2025 WL 763690 (Pa. Cmwlth. 2025) (mem. op. at *2). Although we may cite that decision for persuasive value, it is neither precedential nor binding on this Court. *See* Pa.R.A.P. 126(b); *Peter Daniels Realty, Inc. v. N. Equity Inv'rs, Grp., Inc.*, 829 A.2d 721, 723 (Pa. Super. 2003). Here, our review constrains us to respectfully disagree with the Commonwealth Court's decision. Because an appeal from an order transferring venue of a petition for writ of *habeas corpus* falls within the explicit wording of Pa.R.A.P. 311(c), we conclude we have jurisdiction notwithstanding the comment to that Rule 311(c). *See* Pa.R.A.P. 107; see also Pa.R.J.A. 108 (a)-(c).

[4] Reese provided no argument that the trial court erred or abused its discretion when ordering a transfer of his petition to Philadelphia.

*sponte*, whether an order is appealable); **see also** Pa.R.A.P. 341 (providing that, as a general matter, "an appeal may be taken as of right from any final order of a government unit or trial court[,]" and defining a final order as "any order that . . . disposes of all claims and of all parties").

In sum, we affirm the trial court order to the extent it transferred Reese's petition to Philadelphia County but otherwise quash this appeal.

Order affirmed in part. Appeal quashed in part.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/11/2025